UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 09-335 (RJL) |
| | : | |
| v. | : | |
| | : | |
| **PANKESH PATEL,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO TRAVEL INTERNATIONALLY TO NON-EXTRADITION COUNTRIES

The United States of America, by and through the United States Department of Justice, Criminal Division, Fraud Section, and the United States Attorney for the District of Columbia, files this memorandum in partial opposition to defendant Pankesh Patel's motion for foreign travel to China and Indonesia, countries with which the United States has no extradition treaty. The government consents – as it has for this defendant and others many times before – to certain international travel, but it has consistently opposed travel by defendants contesting the case to countries with which the United States has no extradition treaty. This is a reasonable condition of release to assure that the defendants appear in Court for their trials. In any event, this Court has already denied a co-defendant's request for international travel to a country (Vietnam) with no United States extradition treaty, and thereby rejected the same arguments defendant Patel makes here. Accordingly, the Court should deny the defendant's motion to the extent it seeks permission to travel internationally to Indonesia and China.

By way of background, the government did not seek the defendant's detention upon his arrest in January 2010, and the government has over the last year and a half consented to significant international travel, among other concessions related to the defendant's initial release conditions. (See Patel Mot. at 2-3.) But the defendant, a British citizen, remains a flight risk principally because

of the gravity of his crimes and the likelihood of his ultimate conviction, as well as his significant overseas business interests (as set forth in his motion and previous motions he has filed related to foreign travel) and his stated ability to carry on his business overseas. See United States v. Famiglietti, 548 F.2d 398, 418 (S.D. Tex. 2008) ("[W]e note that a court may appropriately take into account, when assessing the magnitude of the risk of flight and what affect that risk should have on the amount of bond, the extent, recency, and purposes of the defendant's international travel and how comfortable with or adaptable to foreign cultures he seems to be."). Travel to countries with which the United States has no extradition treaty would significantly and impermissibly elevate the defendant's risk of flight and, in any event, limiting international travel to countries with extradition treaties with the United States is a reasonable condition under the circumstances.

The government understands the defendant's need to pay for basic living expenses for his family and for his legal defense, and it has made several accommodations in this regard, including agreeing, just before the defendant's trial, to release an approximately $590,000 lien on real property located in the United States. But the defendant is awaiting re-trial on charges that could result in his prolonged incarceration, and the government cannot agree to permit foreign travel to countries from which it would have no recourse were the defendant to elect to flee. Accordingly, the defendant's request to be permitted to travel to countries with no extradition treaty with the United States should be denied.

Respectfully submitted,

| | |
|---|---|
| DENIS J. MCINERNEY | RONALD C. MACHEN JR. |
| Chief, Fraud Section | United States Attorney |
| United States Department of Justice | In and For the District of Columbia |

By:  ____/s/_____           _____/s/_____
     LAURA N. PERKINS                                JONATHAN W. HARAY
     JOEY LIPTON                                          MATT GRAVES
     GLENN S. LEON                                     Assistant U.S. Attorneys
     Trial Attorneys                                         United States Attorney's Office
     Criminal Division, Fraud Section            Criminal Division
     U.S. Department of Justice                      555 Fourth Street, N.W.
     1400 New York Avenue, N.W.               Washington, D.C. 20530
     Washington, D.C.  20005                         jonathan.haray@usdoj.gov
     laura.perkins@usdoj.gov                          matthew.graves@usdoj.gov
     joseph.lipton@usdoj.gov
     glenn.leon@usdoj.gov